## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**CRYSTAL HAMMOND,**

     Plaintiff**,**

**vs.**

**GEORGIA DEPARTMENT OF
JUVENILLE JUSTICE,**

     Defendant**.**

**CIVIL ACTION FILE NO.:**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Crystal Hammond (hereinafter "Ms. Hammond" or "Plaintiff") files this Complaint against the Defendant Department of Juvenile Justice (hereinafter "DJJ" or "Defendant") showing the Court that Defendant violated the Emergency Paid Sick Leave Act and the Fair Labor Standards Act as follows:

## INTRODUCTION

In response to the COVID-19 pandemic, the Emergency Paid Sick Leave Act (EPSLA) was enacted to provide full-time covered employees up to 80 hours of paid sick leave. The EPSLA expressly applies to state governments and public agencies and allows employees the ability to take paid sick leave if the employee has been advised to self-quarantine by a health care provider. Further, the EPSLA prohibits employers from discharging, disciplining, and/or discriminating against an

1

employee who took or requested leave covered by the Emergency Paid Sick Leave Act.

Here, Plaintiff Hammond was directly exposed to a COVID-19 positive individual on October 31, 2020. When she started feeling ill on November 3, 2020, she went to see a medical provider who placed her in quarantine until fourteen days from her direct exposure, or until November 13, 2020.

On the very same day that her medical provider placed her in quarantine due to direct exposure to COVID-19, Plaintiff Hammond informed the Defendant and provided it with her medical documentation. On three occasions Plaintiff Hammond requested information from the Defendant regarding coverage under the Emergency Paid Sick Leave Act. The Defendant provided no information for over a week until on November 10, 2020 when it denied her leave (without first providing her the ability to supplement her documentation) and ordered that she return to work on November 11, 2020 (while still under her medical provider's quarantine orders). The Defendant terminated Plaintiff because and in retaliation for taking and requesting leave protected by the EPSLA. Plaintiff offered to return to work on November 16, 2020 (the next scheduled order day following expiration of her medical provider's quarantine), but the Defendant refused to allow her to return to work.

## PARTIES, JURISDICTION, AND VENUE

1.      At all times relevant to this action, Plaintiff Hammond was a citizen and resident of the State of Georgia.

2.      At all times relevant to this action, Plaintiff Hammond was an employee of the DJJ within the meaning of the Emergency Paid Sick Leave Act and Families First Coronavirus Response Act (FFCRA), Public Law 116-127 §§ 5102(a), 5102(e)(1), 5111(1). *See also* 85 FR 19326-01; 29 CFR § 826.30(a).

3.      Defendant Department of Juvenile Justice ("DJJ") is a Georgia state agency operating and headquartered in DeKalb County, Georgia, 3408 Covington Highway, Decatur, GA 30032.

4.      The DJJ is not a doctor's office, hospital, health care center, clinic, post-secondary educational institution offering health care instruction, medical school, local health department or agency, nursing facility, retirement facility, nursing home, home health care provider, any facility that performs laboratory or medical testing, pharmacy.

5.      During her employment with the DJJ, Plaintiff was not an employee of a doctor's office, hospital, health care center, clinic, post-secondary educational institution offering health care instruction, medical school, local health department or agency, nursing facility, retirement facility, nursing home, home health care provider, any facility that performs laboratory or medical testing, pharmacy.

3

6.      The DJJ is not necessary for the provision of transport, care, healthcare, comfort and nutrition of such patients, or others needed for the response to COVID-19.

7.      During her employment with the DJJ, Plaintiff was not an employee necessary for the provision of transport, care, healthcare, comfort and nutrition of such patients, or others needed for the response to COVID-19.

8.      Defendant may be served by delivering a copy of the Complaint and Summons to its primary office located at 3408 Covington Highway, Decatur, GA 30032 it its chief executive officer, Commissioner Tyrone Oliver.

9.      This Court's jurisdiction is proper pursuant to 28 U.S.C. § 1331 as the claims herein present a federal question.

10.     Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant resides in this district and division and conducts business in this district and division.

## FACTS

11.     On October 16, 2020 the DJJ hired Plaintiff Hammond as a HR Tech I.

12.     During her employment with the DJJ, Plaintiff was normally scheduled to work forty (40) hours or more per week.

13.     On October 31, 2020, Plaintiff Hammond came into direct contact with a COVID-19 positive individual.

4

14.    On November 2, 2020, Plaintiff Hammond, unaware that she had been directly exposed to COVID-19, felt healthy, and reported to work.

15.    On the morning November 3, 2020, Plaintiff Hammond began feeling ill and went to see her medical provider.

16.    On November 3, 3020, Plaintiff Hammond informed the DJJ that her medical provider had quarantined her for fourteen days because she had been in direct contact with someone who tested positive for COVID-19.

17.    Also on November 3, 2020, Plaintiff Hammond inquired into coverage under the Emergency Paid Sick Leave Act (EPSLA) and emailed the DJJ documentation taking her out of work until November 13, 2020.

18.    Plaintiff Hammond provided the DJJ documentation in support of her request for paid sick leave. The documentation she provided included a signed statement containing the following information: her name; the dates for which leave was requested; that Plaintiff Hammond had been advised by a health care provider to self-quarantine due to concerns related to COVID-19; that she was is unable to work because she had been advised by a health care provided to self-quarantine; and the name of the health care provider who advised her to self-quarantine for COVID-19 related reasons.

19.    On November 3, 2020, the DJJ acknowledged receipt of her medical provider's work excuse due to direct exposure to COVID-19.

20.    On November 4, 2020 Plaintiff Hammond inquired with the DJJ for a second time about her eligibility for coverage under the Emergency Paid Sick Leave Act.

21.    From November 3, 2020 until November 10, 2020, the DJJ neither commented on the sufficiency of Plaintiff's documentation nor did it provide Plaintiff Hammond with further information regarding coverage under the Emergency Paid Sick Leave Act.

22.    Starting on November 3, 2020, Plaintiff experienced symptoms consistent with COVID-19.

23.    On November 10, 2020, Plaintiff Hammond inquired with the DJJ for a third time on her eligibility for coverage under the Emergency Paid Sick Leave Act.

24.    Only after her third inquiry into coverage under the Emergency Paid Sick Leave Act, did the DJJ raise an objection to the completeness of the medical documentation she submitted more than one week prior.

25.    On November 10, 2020, the DJJ relayed to Plaintiff Hammond that it felt that her physician's documentation was insufficient and demanded she return on November 11, 2020.

26.    None of the objections raised by the DJJ regarding Plaintiff's documentation are required by the Emergency Paid Sick Leave Act and/or 29 C.F.R. § 826.100.

27.    Plaintiff was still under a medical provider issued self-quarantine, as a result of being directly exposed to a COVID-19 positive individual, on the day that the DJJ ordered Plaintiff to return to work.

28.    Plaintiff did not feel comfortable returning to work on November 11, 2020 because of her prior symptoms and because her physician had ordered her to quarantine until November 13, 2020.

29.    On November 10, 2020 Plaintiff did offer to obtain further documentation from her physician.  The DJJ told her not to.

30.    At the end of her quarantine, Plaintiff was willing and able and offered to return to work on her next scheduled work day. The DJJ refused to allow her to return to work because it had terminated her employment.

31.    The DJJ terminated Plaintiff's employment because she requested and/or took leave protected by and eligible for coverage under the Emergency Paid Sick Leave Act.

## COUNT I: Wrongful Discharge in Violation of Section 15(a)(3) of the FLSA

32.    Plaintiff incorporates the above paragraphs of her Complaint as if fully restated herein.

33.     At all times relevant to this civil action, Plaintiff was a covered employee under the EPSLA. *See* 29 CFR § 826.30.

34.     At all times relevant to this civil action, Defendant was a covered employer under the EPSLA, which applies to public agencies and state governmental bodies. *See* 29 CFR § 826.40.

35.     Plaintiff qualified for and was entitled to paid sick leave under the EPSLA because she had been advised by a health care provider to self-quarantine due to concerns related to COVID-19. *See* 29 CFR § 826.20.

36.     Plaintiff provided the DJJ notice of her need for paid sick leave under the EPSLA. *See* 29 CFR § 826.90.

37.     Plaintiff provided the DJJ with the required documentation in support of her request for paid sick leave under the EPSLA. *See* 29 CFR § 826.100.

38.     Plaintiff's leave documentation started the 14-day quarantine period on the date that Plaintiff Hammond was directly exposed to COVID-19, rather than the date of her appointment with a medical provider. This is <u>not</u> a grounds to reject documentation. An Employer may not require the notice to include documentation beyond what is allowed by § 826.100. 29 CFR § 826.100(c).

39.     Similarly, Plaintiff's attendance at work prior to her appointment with her medical provider, prior to experiencing COVID-19 symptoms, and prior to her

medical provider ordering she self-quarantine is <u>not</u> a justified grounds to reject Plaintiff's documentation. 29 CFR § 826.100(c).

40.    Plaintiff's negative antigen test less than fourteen days from direct exposure to COVID-19, during the incubation period, and while under a medical provider ordered self-quarantine, is <u>not</u> a justified grounds to reject Plaintiff's documentation. 29 CFR § 826.100(c).

41.    DJJ did not provide Plaintiff an opportunity to correct any alleged documentation deficiency nor did it provide Plaintiff with the opportunity to provide the document that the DJJ deemed required documentation prior to denying the request for leave. *See* 29 CFR § 826.90(a)(1).

42.    Defendant DJJ violated the EPSLA by discharging, disciplining, and discriminatorily retaliating against Plaintiff Hammond because she took and/or requested paid sick leave under the EPSLA. *See* 29 CFR § 826.151(a).

43.    DJJ's discharge, discipline, and/or discriminatory retaliation against Plaintiff Hammond because she took and/or requested paid sick leave under the Emergency Paid Sick Leave Act violates Section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and allows Plaintiff Hammond to bring a claim under Sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

44.    As a result of DJJ's violation of Section 215(a)(3) of the FLS and violation of the Emergency Paid Sick Leave Act, Plaintiff is entitled to the amount

of her unpaid wages, or her unpaid overtime compensation, as the case may be, and an additional equal amount as liquidated damages. Plaintiff is further entitled legal or equitable relief, including without limitation employment, reinstatement, promotion, and removal of the termination notation in her employee records. In addition to any judgment awarded to Plaintiff, a reasonable attorney's fee should to be paid by the DJJ and costs of the action. 29 U.S.C.A. § 216(b). Plaintiff additionally requests the equitable relief of having the termination taken off of her record with GA Department of Juvenile Justice. To the extent allowed by law, Plaintiff additionally requests compensatory damages for emotional distress from being terminated during a worldwide pandemic right before the holidays, the costs of finding a new job, punitive damages.

45.    Plaintiff is additionally entitled to compensatory damages resulting from her loss of coverage under the DJJ's group health plan on the same terms as if the employee did not take leave. *See* 29 U.S.C. § 2614(c); *see also* 29 U.S.C. § 1182 and 26 CFR § 54.9802-1(e)(2)(i); 29 CFR § 2590.702(e)(2)(i) and 45 CFR § 146.121(e)(2)(i).

## COUNT II: Failure to Pay Wages

46.    Plaintiff incorporates the above paragraphs of her Complaint as if fully restated herein.

47.    At all times relevant to this civil action, Plaintiff was a covered employee under the EPSLA. *See* 29 CFR § 826.30.

48.    At all times relevant to this civil action, Defendant was a covered employer under the EPSLA, which applies to public agencies and state governmental bodies. *See* 29 CFR § 826.40.

49.    Plaintiff qualified for and was entitled to paid sick leave under the EPSLA because she had been advised by a health care provider to self-quarantine due to concerns related to COVID-19. *See* 29 CFR § 826.20.

50.    Plaintiff provided the DJJ notice of her need for paid sick leave under the EPSLA. *See* 29 CFR § 826.90.

51.    Plaintiff provided the DJJ with the required documentation in support of her request for paid sick leave under the EPSLA. *See* 29 CFR § 826.100.

52.    Plaintiff's leave documentation started the 14-day quarantine period on the date that Plaintiff Hammond was directly exposed to COVID-19, rather than the date of her appointment with a medical provider. This is not a grounds to reject documentation. An Employer may not require the notice to include documentation beyond what is allowed by § 826.100. 29 CFR § 826.100(c).

53.    Similarly, Plaintiff's attendance at work prior to her appointment with her medical provider, prior to experiencing COVID-19 symptoms, and prior to her

medical provider ordering she self-quarantine is not a justified grounds to reject Plaintiff's documentation. 29 CFR § 826.100(c).

54.     Plaintiff's negative antigen test less than fourteen days from direct exposure to COVID-19, during the incubation period, and while under a medical provider ordered self-quarantine, is not a justified grounds to reject Plaintiff's documentation. *See* 29 CFR § 826.100(c).

55.     DJJ did not provide Plaintiff an opportunity to correct any alleged documentation deficiency nor did it provide Plaintiff with the opportunity to provide the document that the DJJ deemed required documentation prior to denying the request for leave. *See* 29 CFR § 826.90(a)(1).

56.     Defendant DJJ's failure to provide paid sick leave violated the EPSLA and also amounts to a failure to pay Plaintiff minimum wage as  required by section 6 of the FLSA, 29 U.S.C. 206. See 29 CFR § 826.151(b).

57.     Defendant DJJ's failure to pay Plaintiff minimum wage, gives rise to a claim under sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217. *See* 29 CFR § 826.151(b)(1).

58.     Plaintiff is entitled to the amount of her unpaid wages, or her unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Plaintiff is further entitled legal or equitable relief, including without limitation employment, reinstatement, promotion. In addition to any

judgment awarded to the plaintiff, a reasonable attorney's fee should to be paid by the defendant, and costs of the action. 29 U.S.C.A. § 216(b).

59.    Plaintiff is additionally entitled to job restoration. 29 C.F.R. § 826.130(a).

60.    Plaintiff is additionally entitled to compensatory damages resulting from her loss of coverage under the DJJ's group health plan on the same terms as if the employee did not take leave. *See* 29 U.S.C. 2614(c); *see also* 29 U.S.C. 1182 and 26 CFR 54.9802-1(e)(2)(i); 29 CFR 2590.702(e)(2)(i) and 45 CFR 146.121(e)(2)(i).

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

a.    That Plaintiff have and recover from Defendant liquidated back pay and benefits for its denial of leave in violation of the Emergency Paid Sick Leave Act and also Fair Labor Standards Act;

b.    That Plaintiff have and recover from Defendant liquidated back pay and benefits because Defendant terminated Plaintiff's employment because she requested and took leave covered by the Emergency Paid Sick Leave Act and also in violation of the Fair Labor Standards Act from the date of her termination through trial;

13

c.     That Plaintiff have and recover from Defendant front pay because Defendant terminated Plaintiff's employment because she requested and took leave covered by the Emergency Paid Sick Leave Act and also in violation of the Fair Labor Standards Act;

d.     That this Court issue other equitable relief such as removal of the "termination" from Plaintiff's employment record;

e.     That Plaintiff have and recover her attorney's fees and costs of litigation pursuant all applicable federal laws; and

f.     Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

**Jury Trial Demanded**


Respectfully submitted, this 13th day of January,  2021.


/s/ Douglas Kertscher
Douglas R. Kertscher
Georgia Bar No. 416265
Julie H. Burke
Georgia Bar No. 448095

Hill, Kertscher & Wharton, LLP
3350 Riverwood Pkwy.
Suite 800
Atlanta, GA 30339
404-953-0995 (ph.)
404-953-1358 (fax)

drk@hkw-law.com
jb@hkw-law.com