# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| CRYSTAL HAMMOND, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | 1:21-cv-00210-TWT |
| GEORGIA DEPARTMENT OF | * | |
| JUVENILE JUSTICE, | * | |
| | * | |
| Defendant. | * | |

## RESPONSE TO MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

COMES NOW Defendant Georgia of Judgment Juvenile Justice, by and through its undersigned counsel, Defendant in the above-styled matter, and hereby files this Response to Plaintiff's Motion to Enforce the Settlement Agreement.

Following this Court's order granting its Motion to Dismiss in lieu of Answer, Defendant no longer wished to settle this claim and declined to sign the agreement. Defendant requests that the Court deny Plaintiff's Motion to Enforce the Settlement Agreement because the proposed settlement agreement did not create a valid contract until signed by Defendant. The State of Georgia's sovereign immunity bars the agreement's enforcement against Defendant as a valid contract without its signature.

1

## ARGUMENT AND CITATIONS TO AUTHORITY

### I. The State of Georgia maintains its sovereign immunity to breach of contract claims unless the contract is in writing.

The Georgia Constitution extends sovereign immunity to the state and all of its departments and agencies except as specifically provided in paragraph IX of article I, section II. Paragraph IX(e) provides:

> Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

Ga. Const. Art. I, § II, ¶ IX(e). "Under the doctrine of sovereign immunity, the state cannot be sued without its consent." *State Bd. of Educ. v. Drury,* 263 Ga. 429, 430 (1993). "Where the sovereign has sovereign immunity from a cause of action, and has not waived that immunity, the immunity rises to a constitutional right and cannot be abrogated by any court." *Tyson v. Bd. of Regents,* 212 Ga. App. 550, 550-51 (1994). The state's sovereign immunity "is to prevail except as specifically provided" in the Georgia Constitution or by an Act of the General Assembly. *Gilbert v. Richardson,* 264 Ga. 744, 746 (1994); *Woodward v. Laurens Cnty.,* 265 Ga. 404, 405 (1995).

As an agency of the State of Georgia, sovereign immunity is expressly extended to Defendant as an arm of the state. Ga. Const. Art. VIII, § IV, ¶ I;

O.C.G.A. § 49-4A-3.  Defendant is therefore immune from suit except as specifically waived in the Georgia Constitution or except as provided by an act of the General Assembly specifically providing that sovereign immunity has been waived and the extent thereof.  *Woodard,* 265 Ga. at 405.

The legislature has waived sovereign immunity for breach of contract actions only in certain limited circumstances.  The waiver for breach of contract suits *only* applies to actions "ex contractu for the breach of any *written* contract now existing or hereafter entered into by the state or its departments and agencies." Ga. Const. Art. I, § II, ¶ IX(c) (emphasis added); O.C.G.A. § 50-21-1.  In order to waive sovereign immunity for a breach of contract action, it is essential that a valid contract exist between Plaintiff and Defendant.

## II.     The Settlement Agreement is not a valid contract until it is signed by Defendant, a state agency.

Defendant agrees that the construction of the settlement contracts is governed by Georgia law.  *See Blum v. Morgan Gua. Trust. Co.*, 709 F.2d 1463, 1467 (11th Cir. 1983).  A settlement agreement "and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract." *Id., citing McKie v. McKie*, 213 Ga. 582 (1957).  Generally, in order to constitute a valid contract, Georgia law requires that there must be (1) parties able to contract, (2) a consideration moving to the contract, (3) the assent of both parties to the terms of the contract, and (4) a subject matter upon which the contract can

3

operate.  O.C.G.A. § 13-3-1.  "A contract is not complete and enforceable until there is a meeting of the minds as to all essential terms."  *Harris v. Baker,* 287 Ga. App. 814, 816 (2007).  The state and its agencies are not subject to suit on the basis of implied contractual theories.  *See DOT v. Fru-Con Construction Corp.,* 206 Ga. App. 821, 824 (1992) (holding that sovereign immunity is only waived for actions involving breaches of written contracts and parties cannot sue the state or its agencies on the basis of implied contractual theories).  While formation of contracts between private parties may include verbal actions or course of conduct, "the enforceability of a contract against the state is governed by the constitution and by statute."  *Ga. Dep't of Labor v. RTT Assocs., Inc.,* 299 Ga. 78, 82 (2016)

Georgia law is clear that, in order to waive the State's sovereign immunity, the written contract must contain *both parties' signatures*.  *See Board of Regents of the Univ. Sys. of Ga. v. Winter,* 331 Ga. App. 528, 534-35 (no waiver of sovereign immunity where parties did not enter into a formal, traditional written agreement that both parties signed) *overruled on other grounds by Rivera v. Washington,* 298 Ga. 770 (2016); *Ga. Dep't of Cmty. Health v. Data Inquiry, LLC,* 313 Ga. App. 683, 686 (2012) (no waiver of sovereign immunity where the parties did not enter

into a written agreement signed by both parties). [1]

The ruling in *Data Inquiry* is particularly on point. In that case, the Court did not enforce a proposed agreement between the parties despite actual performance by the plaintiff because one of the material terms of the proposed contract was that it "shall become effective upon execution by both Client and [Data Inquiry]." *Id.* at 683. As in *Data Inquiry*, the proposed settlement agreement at issue here specifically provides that "[t]his Settlement Agreement and Release shall become effective upon the date of the last signature affixed below." (Plaintiff's Exhibit B, para. 15, p. 6). By signing the proposed agreement, Plaintiff explicitly adopted and agreed to this term and the proposed settlement. Due to the issuance of the dismissal of the case by this Court, Defendant has not signed the proposed agreement, and consistent with one of its material terms, it did not become effective.

It is the burden of the party asserting the existence of a contract to establish the execution of a written agreement by an authorized representative of the state entity with which it intends a contract exists. *Data Inquiry,* 313 Ga. App. at 686. The signature requirement for state contracts is rooted in the "fundamental purpose

---

[1] While *Winters* was ultimately overturned on other grounds by *Rivera,* 298 Ga. 770, the law regarding a waiver of sovereign immunity in connection with a written contract is valid.

of sovereign immunity [which] is the protection of state funds." *RTT Assocs., Inc.*, 299 Ga. at 87.[2]

## CONCLUSION

In the instant case, Plaintiff cannot establish that a valid contract exists between the parties as the agreement was not signed by an authorized representative of the state entity. Therefore, the agreement is not enforceable against Defendant and its sovereign immunity has not been waived.

Respectfully submitted this 28th day of June, 2021.

| | |
|---|---|
| CHRISTOPHER M. CARR | 112505 |
| Attorney General | |
| | |
| BRYAN K. WEBB | 743580 |
| Deputy Attorney General | |
| | |
| *s/Katherine P. Stoff* | |
| KATHERINE P. STOFF | 536807 |
| Senior Assistant Attorney General | |

Please Serve:
Katherine P. Stoff
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 458-3491
kstoff@law.ga.gov

## Local Rule 7.1.D Certification:

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

*s/Katherine P. Stoff*
KATHERINE P. STOFF  536807
Senior Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I certify that on June 28th, 2021, I caused to be electronically filed the within and foregoing **RESPONSE TO MOTION TO ENFORCE THE SETTLEMENT AGREEMENT** with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to the following attorneys of record, who are registered CM/ECF users:

>Douglas R. Kertscher
>drk@hkw-law.com
>
>Julie H. Burke
>jb@hkw-law.com

>*s/Katherine P. Stoff*
>Katherine P. Stoff  536807
>Counsel for Defendant